Joseph H. Harrington
Acting United States Attorney
Eastern District of Washington
Patrick J. Cashman
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>RODOLFO RAMIREZ, JR.,<br><br>                Defendant. | 2:20-CR-00163-TOR-1<br><br>United States' Sentencing Memorandum and Motion for Upward Departure or Variance |

     Plaintiff, United States of America, by and through Joseph H. Harrington, Acting United States Attorney for the Eastern District of Washington, and Patrick J. Cashman, Assistant United States Attorney for the Eastern District of Washington, submits the following motion for upward departure or variance and sentencing recommendation.

                         I.    Background

     On June 30, 2021, the Defendant plead guilty to Count 1 of the Indictment, charging him with Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Prior to the entry of the Defendant's plea in this matter, the Defendant plead guilty to drive-by shooting in Grant County Superior Court, in case number 20-1-00016-13. Sentencing remains pending in the State matter. In addition

United States' Sentencing Memorandum and Motion for Upward Departure or Variance - 1

to the present matter, the Defendant is also serving a term of federal supervised release in case number 2:17-CR-00230-TOR-1.

The United States recommends a total term of 120 months imprisonments. Regarding the instant matter, the United States recommends a sentence of 87 months, to be run concurrent with any sentence imposed in the pending State matter, followed by a new three-year term of supervised release. In the 2:17-CR-00230-TOR-1 matter, the United States recommends a sentence of 33 months, to be run consecutive to any sentence imposed in this matter and the State matter. The United States does not recommend a term of supervised release in the 2:17-CR-00230-TOR-1 matter.

## II.    Base Offense Level and Enhancements

The United States concurs with the United States Probation Office's guideline calculations contained in the Pre-Sentence Investigation Report (PSIR). ECF No. 32.

## III.   18 U.S.C. § 3553(a) Factors, Departures, and Variance

When considering the 18 U.S.C. §3553(a) factors, a sentence of 87 months, followed by a three-year term of supervised release is a fair and reasonable sentence that is no greater than necessary to achieve the principles of federal sentencing. The United States submits that an upward departure and/or variance is appropriate in this case in light of several of Defendant's prior convictions that were not calculated as part of his criminal history category and the nature of some of those convictions. Moreover, the regular operation of the Sentencing Guidelines fails to capture the degree of on-going danger the Defendant presents to the public. A guideline sentence is simply insufficient, considering the nature and circumstances of the offense, the Defendant's past criminal conduct and repeated firearms offenses, displayed propensity for violence and recidivism, and the need to protect society. A sentence of 87 months is warranted because it will serve the sentencing objectives of punishment and deterrence, the need to protect the public, and the need for the sentence to promote respect of the law.

A court may depart upward when there exists an "aggravating…circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." USSG §5K2.0.  A court may do so, however, only if the circumstances upon which it seeks to base a departure "is consistent with the sentencing factors prescribed by Congress…" *United States v. Pacheco-Osuna*, 23 F.3d 269, 272 (9th Cir. 1994) *citing United States v. Lira-Barraza*, 941 F.2d 745, 746 (9th Cir. 1991).  The government bears the burden to prove by a preponderance of the evidence that the circumstances of the case warrant an upward departure.  *See generally United States v. Anders*, 956 F.2d 907, 911 (9th Cir. 1992).

In deciding a motion for upward departure, the sentencing court engages in a four-step departure analysis:  (1) it identifies which feature of the case potentially takes it outside the "heartland" of the Guidelines and makes it a special or unusual case; (2) it determines whether the Sentencing Commission has forbidden departures based on those features; (3) if not, it determines whether the Commission has encouraged departures based on those features; and (4) if not, it determines whether the Commission has discouraged departures based on those features.  *United States v. Connelly*, 156 F.3d 978, 983 (9th Cir. 1998).  If the special features are forbidden bases for departure, the sentencing court cannot use them to depart:  examples are race, sex, national origin, creed, religion, socio-economic status, lack of guidance as a youth, drug or alcohol dependence, and economic hardship.  *United States v. Sablan*, 114 F.3d 913, 916-17 (9th Cir. 1997) (*en banc*), *cert denied*, 522 U.S. 1075 (1998).  If the special factors are encouraged, the court is authorized to depart if the applicable guideline does not already take them into account.  *Id.* at 917.  If the special factors are discouraged, or encouraged but already taken into account by the applicable guideline, the court should depart only if the factor is present to an exceptional degree

United States' Sentencing Memorandum and Motion for Upward Departure or Variance - 3

or in some other way makes the case different from the ordinary case where the factor is present. *Id*.

Section 4A1.3 specifically encourages upward departures based on "reliable information … that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3. "An upward departure may be warranted when the defendant has committed crimes or conduct that the criminal history calculation instructions fail specifically to consider." *United States v. Henderson*, 993 F.2d 187, 189 (9th Cir. 1993) (citation omitted). The issue in criminal history category departures – i.e., "horizontal" departures – is whether reliable information demonstrates that the criminal history category "does not adequately reflect the seriousness of the defendant's criminal history or likelihood of recidivism." USSG §4A1.3, comment. (backg'd). This standard is met "when the criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG §4A1.3. One circumstance where criminal history may be inadequate is where a defendant "with an extensive record of serious, assaultive conduct who had received what might now be considered extremely lenient treatment in the past might have the same criminal history category as a defendant who had a record of less serious conduct[,] [y]et the first defendant's criminal history clearly may be more serious." USSG §4A1.3, comment. (backg'd).

The foregoing conduct satisfies §4A1.3. Case law reveals that if criminal history category substantially under-represents either 1) the "seriousness of the defendant's criminal history" or 2) the "likelihood that the defendant will commit other crimes," then §4A1.3 is satisfied. *United States v. G.L.*, 143 F.3d 1249, 1254-55 (9th Cir. 1988); *see also United States v. George*, 56 F.3d 1078, 1085 (9th Cir. 1985) ("propensity to commit further crimes" will support departure), *cert. denied*, 516 U.S.

United States' Sentencing Memorandum and Motion for Upward Departure or Variance - 4

937 (1995). The Defendant's past uncounted criminal conduct is departure-worthy. For example, this circuit has upheld departures for uncounted assault with a deadly weapon (*G.L.*, 143 F.3d at 1254-55), impersonating a military officer (*United States v. Goshea*, 94 F.3d 1361, 1364 (9th Cir. 1996), and first degree robbery (*United States v. Beasley*, 90 F.3d 400, 403 (9th Cir. 1996), *cert. denied*, 519 U.S. 1018 (1996)), miscellaneous immigration violations (*United States v. Segura-Del Real*, 83 F.3d 275, 278 (9th Cir. 1996), *cert. denied*, 519 U.S. 942 (1996), and prison fights and public transportation fare evasion (*United States v. Montenegro-Rojo*, 908 F.2d 425, 429-30). By contrast, this circuit has reversed departures for uncounted shoplifting and simple marijuana possession (*G.L.*, 143 F.3d at 1254-55), auto burglary (*United States v. Carrillo-Alvarez*, 3 F.3d 316, 322 (9th Cir. 1993)), and misdemeanor assault and battery (*United States v. Brady*, 928 F.2d 844, 853 (9th Cir. 1991), *overruled in part by Nichols v. United States*, 511 U.S. 738, 748-49 (1994).

      Departure is also justified purely on the basis of Defendant's likelihood of recidivism. The principal factors this circuit applies in assessing likelihood of recidivism are 1) the quantity (or "repetitiveness") of uncounted criminal conduct, 2) the similarity of uncounted criminal conduct to the offense conduct, and 3) the degree to which the defendant had been deterred by prior sentences. *United States v. Connelly*, 156 F.3d 978, 985 (9th Cir. 1998) (citations omitted). In 2017, Defendant was convicted of being a Felon in Possession of a Firearm and sentenced to 18 months imprisonment. Within approximately two years of his first federal firearms conviction, the Defendant was before the Court pursuant to the instant matter. The sheer timing alone is indicative of the dangerousness of the defendant and his complete lack of respect for the law. This dramatic disrespect for the law permits the reasonable inference that the Defendant is highly likely to reengage in criminal activity upon his return to the community. The Defendant's likelihood of recidivism is substantially under-represented by his criminal history category. Reliable

United States' Sentencing Memorandum and Motion for Upward Departure or Variance - 5

information indicates a likelihood of recidivism. Therefore, an upward departure is appropriate to ensure maximum protection for society and to deter recidivism on the part of the Defendant.

In addition to the Defendant's quick reengagement with criminal and violent acts, the Defendant also has numerous prior convictions of a violent or dangerous nature. In 2002, the Defendant was convicted of Second-Degree Assault – Domestic Violence. ECF No. 32, ¶50. In 2005, the Defendant was convicted of Second-Degree Malicious Mischief in an offense that appeared to involve the kicking of a door and firing of a BB gun at an unoccupied vehicle. ECF No. 32, ¶¶ 72-78. Also in 2005, the Defendant was convicted of Third Degree Assault and First Degree Malicious Mischief. In 2017, the Defendant was convicted of Harassment involving the Defendant's threats to "shoot up a hospital." ECF No. 32, ¶¶ 105-107. All the steps the criminal justice system has taken thus far has fallen short of deterring the Defendant. The United States submits that a horizontal and vertical departure is warranted.

Wholly separate from the court's authority to depart pursuant to §4A1.3, the court may depart from a defendant's applicable advisory guideline range under §5K2.0 when "there exists an aggravating … circumstance of a kind, or to a degree, not adequately taken into account by the Sentencing Commission in formulating the guidelines that should result in a sentence from that described." USSG §5K2.0, Policy Statement (quoting 18 U.S.C. § 3553(b)). Here, the Defendant's conduct is particularly serious and is not of the kind or degree adequately taken into account by the guidelines.

However, should the Court find no basis to depart pursuant to the guidelines, the United States submits a variance is appropriate when considering the totatlity of the 18 U.S.C. § 3553(a) factors. The United States submits the offense level 16 does not adequately reflect the seriousness of Defendant's offense. The Defendant

United States' Sentencing Memorandum and Motion for Upward Departure or Variance - 6

confronted the homeowner prior to driving past the house and firing multiple times at Mr. Jiron while he was exiting the front door. The Defendant did so after having observed the homeowner enter the residence. Heightening the egregiousness of the Defendant's acts is the fact that one of the Defendant's bullets entered the room of a four-year old. The Defendant's acts placed Mr. Jiron and the other occupants of that home in severe danger of death or serious bodily injury. A sentence under the current guideline of 41 – 51 months is inadequate to properly reflect the nature and circumstances of this offense and account for the Defendant's rapid return to violent and criminal acts. A sentence of 87 months would constitute approximately a five level increase from the adjusted offense level. A sentence of 87 months adequately captures the seriousness of the Defendant's actions, promotes respect for the law, and protects the public.

    Based on the foregoing, the United States submits the Court should sentence the Defendant to 87 months imprisonment, concurrent with his State matter, to be followed by a three-year term of supervised release.

    Dated: September 20, 2021.

Joseph H. Harrington
Acting United States Attorney

*s/ Patrick J. Cashman*
Patrick J. Cashman
Assistant United States Attorney

United States' Sentencing Memorandum and Motion for Upward Departure or Variance - 7

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Steve Roberts

                                       *s/ Patrick J. Cashman*
                                       Patrick J. Cashman
                                       Assistant United States Attorney

United States' Sentencing Memorandum and Motion for Upward Departure or Variance - 8